UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 02-315 |
| JOSEPH ALEXANDER | * | SECTION "L" |

### ORDER & REASONS

Pending before the Court is Defendant's Rule 33(a) Motion for a New Trial (Rec Doc. No. 75). The Court will treat the motion as a motion to vacate, set aside or correct the Defendant's sentence pursuant to 28 U.S.C. § 2255 and orders that it be transferred to the United States Fifth Circuit Court of Appeals in order for that Court to determine whether the Defendant is authorized to file the instant motion.

**I.   FACTS**

The facts of this case are detailed in the Court's Order and Reasons dated April 20, 2005 (Rec. Doc. No. 60). However, some recounting of procedural history is necessary for purposes of the present motion. On February 21, 2003, the Defendant pled guilty without a plea agreement to both counts in a two-count indictment involving possession of firearms by a convicted felon. The Court sentenced the Defendant to a 120-month term of imprisonment as to counts one and two, to be served concurrently. The Court also ordered that his sentence was to run consecutively to a state sentence imposed by the judgment of the Orleans Parish Criminal Court. The Defendant appealed the sentence imposed by this Court, and the United States Fifth

Circuit Court of Appeals subsequently denied his appeal. On January 4, 2005 and February 22, 2005, the Defendant filed two motions to vacate the sentence pursuant to 28 U.S.C. § 2255 on various grounds. On March 16 and March 23, 2005, the Defendant filed amendments or supplements to his motions. On April 26, 2005, this Court entered a judgment denying the Defendant's motions to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. The Defendant subsequently appealed the Court's decision on his Section 2255 motions and the denial of his motion to reconsider his Section 2255 motions, which the United States Fifth Circuit Court of Appeals denied. On December 28, 2005, the Petitioner brought a motion under Rule 32(c) of the Federal Rules of Criminal Procedure, which was also subsequently denied by this Court. On August 2, 2006, the Defendant filed the present motion.

## II.     PRESENT MOTION

In his motion, Defendant contends that newly discovered evidence warrants a new trial. The thrust of Defendant's argument is that the gun he was charged with possessing in count two of the indictment, a Ruger 9mm semi-automatic pistol, was not under the control of the Government, and thus would not have been admissible as evidence against him had he proceeded to trial on that count. Defendant asserts that the Government acted improperly by failing to inform the Court that the gun in question had been returned to "its rightful owner" and that the Government did not have this gun to present as evidence had the Defendant chosen to go to trial on this count. Additionally, Defendant raises the argument that his attorney rendered him ineffective assistance by advising him to plead guilty to count two, knowing that the gun had been returned to the "rightful owner," and by his attorney's failure to inform the Court that the firearm was not in the Government's possession.

**III.   ANALYSIS**

Rule 33 of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  The power to grant a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." *U.S. v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citations omitted).  A defendant must file a motion for a new trial due to newly discovered evidence within three years after the verdict or finding of guilt.  Fed. R. Crim. P. 33(b)(1).  To receive a new trial based on newly discovered evidence, the Defendant must demonstrate that the following four elements are satisfied:

> (1) that the evidence is newly discovered and was unknown to him at the time of trial; (2) that the failure to discover the evidence was not due to his lack of diligence; (3) that the evidence is not merely cumulative, but is material; and (4) that the evidence would probably produce an acquittal.

*United States v. Blackthorne*, 378 F.3d 449, 452 (5th Cir. 2004) (citing *United States v. Gresham*, 118 F.3d 258, 267 (5th Cir.1997)).

However, the Court will not address whether the Defendant has sufficiently demonstrated that these four elements are satisfied because Rule 33 is predicated on the assumption that a *trial* has occurred.  In the present case, the Defendant pled guilty and no trial ever took place.  Thus, redress under Rule 33 is unavailable to the Defendant.  *See United States v. Collins*, 898 F.2d 103, 104 (9th Cir. 1990) (per curiam); *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995); *United States v. Gordon*, 4 F.3d 1567, 1572 n.3 (10th Cir. 1993) *cert. denied*, 114 S. Ct. 1236 (1994).[1]

---

[1] Additionally, even if the Defendant was able to file a Rule 33 motion, three years have passed since his sentencing on May 28, 2003, and thus the filing of such a motion would be

However, the Court will treat the motion as a motion to vacate, set aside or correct the Defendant's sentence pursuant to 28 U.S.C. § 2255.  *See U.S. v. Stockstill*, 26 F.3d 492, 497-98 (4th Cir. 1994); *see also United States v. Medina*, 118 F.3d 371, 372 (5th Cir. 1997) (allegation that defendant received ineffective assistance of counsel does not present new evidence within meaning of Rule 33).  The Defendant asserts ineffective assistance of counsel as one ground for relief.  Additionally, the Defendant argues that his sentence should be vacated, set aside or corrected because the Government and his counsel failed to bring to the Court's attention that the Government did not have one of the firearms in its possession.  The Defendant asserts that the firearm could not be presented as evidence if the Defendant had proceeded to trial rather than plead guilty.  It appears to the Court that the Defendant is thus asserting that there was insufficient evidence to support his conviction.

As stated previously, a review of this Court's record reflects that Defendant has filed two prior § 2255 motions, along with amendments and supplements, related to this same conviction and sentence.  In those motions, the Defendant raised the following grounds for relief:

(1)  ineffective assistance of counsel;

(2)  the Court's departure from the guideline range in sentencing was not proper because it was based on an impermissible factor, his record as outlined in the Presentence Investigation Report;

(3)  the Court's upward departure based upon convictions of two separate firearms counts was unjustified because the firearms from both counts were accounted for in the offense level calculation; and

(4)  the sentence enhancements and upward departure were unconstitutional in light of

---

time-barred.

the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Those motions were denied with prejudice on the merits by Judgment entered on April 26, 2005. The Defendant appealed that judgment, which was subsequently denied by the United States Fifth Circuit Court of Appeals on May 2, 2006.

The motion presently before the Court is considered to be a successive motion as described in 28 U.S.C. §§ 2244 and 2255.  In order to overcome the prohibition against the filing of second or successive claims, the Defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the Defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255.  Until such time as Defendant obtains said certification, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that the Defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to

the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether Defendant is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this <u>28th</u> day of November, 2006

_____
UNITED STATES DISTRICT JUDGE